# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARCITY CAPITAL, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIO-MATRIX SCIENTIFIC GROUP, INC. et al.,<br><br>Defendants. | CASE NO. 13CV1394 BEN (JLB)<br><br>**ORDER:**<br><br>• **GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COUNTERCLAIM**<br><br>• **GRANTING JOINT MOTION TO FILE AN AMENDED ANSWER**<br><br>[Docket Nos. 34, 35] |

Defendants Bio-Matrix Scientific Group, Inc. and David R. Koos ("Bio-Matrix") have filed a motion for leave to file an amended counterclaim for usury. (Docket No. 34.) Plaintiff Starcity Capital, LLC opposes the motion. The parties have also filed a joint motion for leave for Bio-Matrix to file an amended answer. (Docket No. 35.) For the reasons set forth below, the joint motion for leave to file an amended answer and motion for leave to file an amended counterclaim are **GRANTED**.

## BACKGROUND[1]

Starcity's Second Amended Complaint ("SAC") alleges that on December 12, 2012, Starcity purchased a $30,000 portion of a $700,000 promissory note between

---

[1] The following background is drawn from the allegations of Starcity's SAC and the allegations of Bio-Matrix's proposed counterclaim. The Court is not making any factual findings, but rather only summarizing the relevant facts alleged by the parties for purposes of evaluating Bio-Matrix's motion for leave to file an amended counterclaim for usury.

1   the Sherman Family Trust and Bio-Matrix under a Securities Transfer Agreement
2   ("STA").  Under the STA between Bio-Matrix, Starcity, and the Sherman Family
3   Trust, referred to as STA#2 in Bio-Matrix's counterclaim, Bio-Matrix purchased the
4   $30,000 portion of the note and Bio-Matrix agreed to honor conversion rights
5   granted to Starcity to convert the $30,000 into Bio-Matrix stock at a discounted
6   price.
7           On January 2, 2013, Starcity delivered to Bio-Matrix a "Conversion Notice"
8   to convert $17,000 of the $30,000 note into 103,030,303 common shares of Bio-
9   Matrix common stock.  (SAC ¶ 3.)  Bio-Matrix's transfer agent sent Starcity a paper
10  stock certificate representing the shares.  (*Id*. ¶¶ 3, 14.)  On January 15, 2013,
11  Scottsdale Capital Advisors, Starcity's brokerage firm, informed Starcity that Bio-
12  Matrix had not timely filed its Form 10-K and that Scottsdale Capital Advisors
13  would not accept the shares into Starcity's account.  (*Id*. ¶ 17.)
14          Starcity alleges that Bio-Matrix induced Starcity to cancel the paper stock
15  certificate by falsely promising to cause the shares to be transferred to Starcity's
16  brokerage account via Deposit/Withdrawal at Custodian ("DWAC").[2]  (*Id*. ¶ 4.)
17  Starcity alleges that Defendants then refused to initiate the DWAC transfer.  (*Id*. ¶¶
18  4, 5.)  According to Starcity, because it did not have the freely tradable shares it was
19  entitled to, it missed the opportunity to sell at an opportune time. (*Id*. ¶ 29.)  The
20  SAC asserts claims for: (1) breach of fiduciary duty; (2) breach of contract;  and (3)
21  declaratory relief.
22          Bio-Matrix filed an Answer. (Docket No. 24.)  The parties have also filed a
23  joint motion to allow Bio-Matrix to file an amended Answer. (Docket No. 24.)
24  However, Starcity opposes Bio-Matrix adding a counterclaim for usury.
25          Bio-Matrix seeks leave to file a counterclaim for usury based on the same
26  transaction asserted by Starcity, STA#2, and an earlier transaction, STA#1, that is
27  not alleged in the SAC.  Bio-Matrix's proposed counterclaim alleges that under
28

---

[2] Deposit/Withdrawal at Custodian is an electronic book entry stock transfer.

STA#1, similar to STA#2, Starcity purchased a portion of the same promissory note between Bio-Matrix and the Sherman Family Trust and received the right to buy Bio-Matrix stock at a 45% discount to the closing bid price for Bio-Matrix's stock during the five trading days immediately preceding the conversion date.

Bio-Matrix alleges Starcity exercised its conversion rights as to STA#1 on November 16, 2012, December 13, 2012, and December 27, 2012 and received Bio-Matrix shares at a significant discount from the shares true value. Bio-Matrix asserts that the difference between the price Starcity received the stock for (the bid price) and the true value of the stock on the conversion date is interest with rates of 112.12%, 215.15%, and 809.09%. As to STA#2, Bio-Matrix alleges Starcity converted $13,000 of the $30,000 note on April 15, 2013. Again treating the difference between the true value and the discounted price as interest, Bio-Matrix alleges an 87.33% interest rate.

## DISCUSSION

Leave to amend under Rule 15(a)(2) "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "has noted on several occasions . . . that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), . . . by freely granting leave to amend when justice so requires." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (noting "the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities."). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15. *Moore v. Kayport Package Express, Inc.*,

1  885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182
2  (1962)).  "Where the legal basis for a cause of action is tenuous, futility supports
3  the refusal to grant leave to amend." *Lockheed Martin Corp. v. Network Solutions,*
4  *Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). "Prejudice to the opposing party is the most
5  important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)
6  (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31
7  (1971)).

8      As to futility, the primary issue addressed by the parties, the Court is skeptical
9  of Bio-Matrix's proposed counterclaim for usury.  The attempts to treat the purchase
10 of a note in exchange for the right to purchase stock at a discount as a loan and treat
11 the difference between the true value of the stock and its discounted price as interest
12 are questionable.  However, Starcity has failed to meet its burden in establishing the
13 futility of the proposed counterclaim.  Other than two cases that only identify the
14 undisputed elements for a usury claim, Starcity has cited only one case in support of
15 its argument that the counterclaim is futile.  When contrasted with the many cases
16 cited by Bio-Matrix explaining the Court's obligation to broadly construe what
17 constitutes a loan and interest, the Court cannot find Starcity has established the
18 amendment would be futile.

19     The other factors courts should consider weigh in favor of granting leave to
20 amend.  There was no undue delay in seeking amendment.  The request to amend
21 was filed within the time provided in the Court's scheduling order.  There is no
22 indication of bad faith or dilatory motive.  As to the most important factor, prejudice
23 to the opposing party, Starcity has not identified any prejudice it would suffer if
24 leave to amend is granted.   Starcity having already stipulated to Bio-Matrix adding
25 an affirmative defense for usury suggests that any prejudice is unlikely.  And, there
26 has been no failure to cure previous deficiencies.  This is Bio-Matrix's only request
27 to amend.
28 ///

Another consideration also weighs in favor of granting leave to amend. The parties' arguments on futility, including whether STA#1 and STA#2 were entirely new transactions separate and apart from the underlying note and whether Starcity may be exempt from the usury law, raise disputed issues of fact not appropriate for resolution on a motion for leave to amend.

Considering all the relevant factors, the Court finds leave to amend should be granted. The Court cautions the parties that the Court's decision is based on the liberal standard for granting leave to amend, the implication of disputed issues of fact, and Starcity failing to carry its burden to establish futility.

## CONCLUSION

The motion for leave to amend is **GRANTED**. The joint motion for filing of Defendants' amended answer is also **GRANTED**.

**IT IS SO ORDERED.**

DATED: November 19, 2014

Hon. Roger T. Benitez
United States District Judge